## MITCHELL v. HAGOOD.

The writ of restitution obtained in an action of forcible entry and detainer, does not determine either the right of property or the right of possession, and constitutes no defence to an action of ejectment.

The fact that the parties in possession of a gold mine are foreigners, and have obtained a license, affords no apology for trespassers. The State alone can enforce the law prohibiting foreigners from working in the mines without a license.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

This was an action to recover possession of a mining claim, and for an injunction restraining the defendants from taking gold therefrom.

In the answer, the defendants set up, among other defences, that they obtained judgment and writ of restitution of said premises against the plaintiffs, in an action of forcible entry and detainer, and also that the plaintiffs are foreigners, and have not paid for or obtained a license, as required by law.

On the cause being called for trial, the Court, on motion of plaintiffs, struck out both of these defences—defendants excepting.

Judgment was rendered for plaintiffs, and defendants appealed.

*Hale & Myers* for Appellants.

*Mills & Hillyer* for Respondents.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

The Court below was right in striking out the two defences, for which error is here assigned.

1. The writ of restitution, obtained by the defendants in an action of forcible entry and detainer, does not determine the right of property, or the right of possession. It simply decides a restoration to immediate possession, which has been taken away by an illegal and unwarranted ouster, tending to produce a breach of the peace.

2. That the parties in possession of a gold mine, and working it, are foreigners and without license, affords no apology to trespassers. Foreigners, who are *bona fide* residents, are entitled to the same rights of property, under the Constitution of this State, as native born citizens.

It is true that the law prohibits foreigners from taking gold out of the mines of this State without first obtaining a license. But this law must be enforced by the State, through her appointed officers; and the mode and manner of enforcing it are regulated by the provisions of the statute. It is not left to interested volunteers to execute the law according to their crude notions; nor upon any such plea to disturb, or seize upon, the quiet possession of others, for their own benefit.

Judgment affirmed.